UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JAMES HOWARD BELL,

       Petitioner,

v.                                                                       Case No. 2:11-cv-384
                                                                         HON. GORDON J. QUIST
JEFF WOODS,

       Respondent.

_____/


## REPORT AND RECOMMENDATION

Petitioner James Howard Bell filed this petition for writ of habeas corpus challenging his conviction for second-degree murder. Petitioner was sentenced as a fourth habitual offender to 60-93 years in prison. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner argues that:

I. Petitioner was denied a fair trial, due process of law and compulsory process, in violation of the Fourteenth Amendment of the United States Constitution, and Art. VI sec 2. Supremacy Clause, where the trial court abused its discretion where it improperly admitted DNA evidence at trial.

II. Petitioner was denied his right to a fair trial, due process of law and compulsory process in violation of his constitutional rights guaranteed under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Michigan Constitution 1963 Art. 1 sec 17, sec 20, as a result of trial counsels cumulative errors in failing to investigate which denied petitioner the effective assistance of counsel.

III. Petitioner was denied due process of law, compulsory process and a fair trial, which violated his Fifth, Sixth and Fourteenth Amendment constitutional rights, where the prosecutor suppressed exculpatory evidence which was not available at trial, either by failure of the prosecutor to produce the evidence, or trial counsels failure to investigate, exercise due diligence to produce the evidence and/or witnesses, hence, denying petitioner the effective assistance of counsel and his right to confrontation.

IV. Where Petitioner was not charged with felony murder and no underlying felony was established at the preliminary examination, it was error to submit this charge to the jury, violating Petitioner's Sixth and Fourteenth Amendment rights to due process of law and compulsory process, hence denying Petitioner a fair trial, where the trial court abused its discretion in erroneously instructing jury on felony murder charge over defense objection.

V. Petitioner was denied a fair trial, due process of law and compulsory process in violation of his Fifth, Sixth and Fourteenth Amendment rights of the United States Constitution, as a result of the trial prosecutor engaging in substantial and material misconduct.

VI. Petitioner is entitled to a new trial where he was denied the effective assistance of counsel at trial, where counsel failed to locate and call a witness or seek the assistance of the prosecutor in attempting to secure the witness.

VII. Petitioner was deprived of effective assistance of appellate counsel on his direct appeal as of right, where appellate counsel for no strategic reason omitted issues that were both obvious and significant, hence violating Petitioner's Sixth and Fourteenth Amendment rights to due process of law and compulsory process.

VIII. The prosecution committed fraud on the court when it improperly removed Dr. Jack Hunt from its list of witnesses to be produced at trial, hence suppressing a known res gestae witness and his findings, to which may have been of an exculpatory nature, resulting in the violation of Petitioner's constitutional rights to due process of law and compulsory process and his right to confrontation as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

Respondent claims that Petitioner's application is barred by the one-year period of

limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the

Antiterrorism and Effective Death Penalty Act , PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).

Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).

In this case, § 2244(d)(1)(A) provides the period of limitation.  The other subsections do not apply to the grounds that Petitioner has raised.  Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner's direct review concluded 90 days after the Michigan Supreme Court's opinion dated April 28, 2008, on July 27, 2008. *See*

*Gonzalex v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).  At the time Petitioner filed a motion for relief from judgment on April 20, 2009, 266 days of the limitation period had already run.  The filing of the motion for relief from judgment tolled the limitation period.  The trial court denied the motion for relief from judgment.  Petitioner's motion for reconsideration was denied on August 14, 2009.  The statute of limitations re-started on August 15, 2009, because Petitioner failed to properly file his application for leave to appeal, which was denied as untimely by the Michigan Court of Appeals.  The statute of limitation period expired 99 days later, well before Petitioner filed this habeas petition.[1]

Petitioner argues that he is entitled to equitable tolling of the limitations period.  The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See Hall v. Warden*, No. 09-3372, slip op. at 5 (6th Cir. Nov. 30, 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*,

---

[1]Petitioner did file a delayed application for leave to appeal with the Michigan Court of Appeals in April 2010 that Petitioner claims is relevant to this action.  Respondent asserts without explanation that this filing is not relevant to this issue.  It is not relevant because it was filed after the expiration of the limitations period.  Therefore, there was no time left on the statute of limitations period to toll.  The tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, slip op. at 7; *Akrawi*, 572 F.3d at 260.  Petitioner has not shown that he was pursuing his rights diligently or that some extraordinary circumstance caused the delay in filing this petition.

In the opinion of the undersigned, it is recommended that the court dismiss the petition as filed outside the one year limitation period.[2]

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

---

[2]Respondent alternatively argues that each of Petitioner's claims lack merit.  However, because Petitioner clearly filed this petition outside the limitation period, those arguments are not addressed.

The undersigned recommends that the court deny Petitioner's application on a violation of the one year limitations period for filing a petition for a writ of habeas corpus. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds that the petition was filed outside the limitations period. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 7, 2014