UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES HOWARD BELL,

        Petitioner,                           Case No.  2:11-CV-384

v.                                               HON. GORDON J. QUIST

JEFF WOODS,

        Respondent.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, James Howard Bell, filed a petition for habeas corpus. Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny the petition as untimely. Bell filed objections to the R & R. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the relevant portions of the R & R, the Court concludes that it should be adopted.

Bell argues that the statute of limitations for his habeas petition was tolled when he filed an application for leave to appeal the state trial court's motion for relief from judgment. As the magistrate judge explained, however, Bell's application for leave to appeal was denied as untimely by the Michigan Court of Appeals. An application for state post-conviction relief tolls the statute of limitations only when it is "properly filed," 28 U.S.C. § 2244(d)(2), or "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.*, requirements concerning . . . applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th

Cir. 2001). Because the state court rejected Bell's petition as untimely, "it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814 (2005).

Bell's argument that the state court should have accepted his application as timely based on the mailbox rule is misplaced. Federal courts do not "function as an additional state appellate court reviewing state-court decisions on state law or procedure." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Rather, "[f]ederal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." *Id.* *See also Israfil*, 276 F.3d at 771 (holding that the district court properly deferred to the state court's finding as to whether a state post-conviction motion was timely filed). Because the Michigan Court of Appeals determined that Bell's application for leave to appeal was untimely, it was not properly filed and did not toll the statute of limitations.

Finally, to the extent that Bell argues that he is entitled to equitable tolling, the Court agrees with the magistrate judge that Bell has not shown that he pursued his rights diligently or that some extraordinary circumstance caused the delay in filing this petition.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. at 1604. For the reasons stated above, the Court finds that reasonable jurists could not find

that this Court's dismissal of Bell's claims was debatable or wrong. Thus, the Court will deny Bell a certificate of appealability.

Therefore,

**IT IS ORDERED** that the Report and Recommendation of the magistrate judge, filed November 7, 2014 (dkt. #60), is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

This case is **concluded**.

A separate judgment will issue.

Dated: January 16, 2015                              /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE